

# Notice of Service of Process

**LYN / ALL**
**Transmittal Number: 31269225**
**Date Processed: 04/23/2025**

| | |
|---|---|
| **Primary Contact:** | Janet Nolan<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | State Auto Property & Casualty Insurance Company<br>Entity ID Number  3047578 |
| **Entity Served:** | State Auto Property and Casualty |
| **Title of Action:** | St. John's United Church of Christ of Plum Hill (Nashville) Illinois, An Authorized Subordinate Organization of The United Church of Christ of Cleveland, Ohio, By and Through Its Authorized Representatives vs. State Auto Insurance Companies |
| **Matter Name/ID:** | St. John's United Church of Christ of Plum Hill (Nashville) Illinois, An Authorized Subordinate Organization of The United Church of Christ of Cleveland, Ohio, By and Through Its Authorized Representatives vs. State Auto Insurance Companies (17219883) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Washington County Circuit Court, IL |
| **Case/Reference No:** | 2024LA4 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 04/22/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Liberty Mutual on 04/22/2025 |
| **How Served:** | Client Direct |
| Sender Information: | The Law Office Of John J. Pawloski, LLC<br>618-910-7637 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# Illinois Department of Insurance

**JB PRITZKER**
Governor

RECEIVED

APR 22 2025

BOSTON OFFICE 0001

**ANN GILLESPIE**
Acting Director

April 15, 2025

State Auto Property and Casualty
175 Berkeley Street
Boston, MA 02116

     Case Number: 2024 LA 4

Gentlemen:

     Enclosed please find a copy of Summons and Complaint served on me as your agent for service of process on April 15, 2025 at my Springfield Office at 12:15 pm in the case of St. John's United Church of Christof Plum Hill, et.al. vs your company et al..

     Sincerely,

Ann Gillespie

Ann Gillespie
Acting Director of Insurance

AG:AS : pas
Encl.

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**Springfield Office**
320 W. Washington Street
Springfield, Illinois 62767
(217) 782-4515

**Chicago Office**
115 S. LaSalle Street, 13th Floor
Chicago, Illinois 60603
(312) 814-2420

# IN THE CIRCUIT COURT OF WASHINGTON COUNTY

## STATE OF ILLINOIS

ST. JOHN'S UNITED CHURCH OF CHRIST
of Plum Hill (Nashville) Illinois, an authorized
subordinate organization Of the United Church
of Christ of Cleveland, Ohio, a Non-Profit
Religious Organization, by and through its
Authorized Representatives, and DEVIN CLARY,
President,

       Plaintiffs,                          Jury Trial Demanded.

v.                                        Cause No. 2024-LA4

STATE AUTO INSURANCE COMPANIES
and/or STATE AUTO FIRE AND CASUALTY,
and JOHN DOE, Defendants.

Serve at: State Auto Insurance Companies
% The Director of the Illinois Department of Insurance
320 W. Washington Street, Springfield, IL 62767

### <u>ALIAS SUMMONS</u>

To: **STATE AUTO INSURANCE COMPANIES
and/or STATE AUTO FIRE AND CASUALTY,** , including its subsidiary, parent, or related
entities, % The Illinois Director of the Department of Insurance at:

320 W. Washington Street

Springfield, IL 62767-0001

Main Phone Number: (217) 782-4515

1

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

**This summons may not be served later than 30 days after its date.**

04/01/2025

Washington County Circuit Court Clerk

*Andrea Renken*



Ms. Andrea L. Renken
Clerk of the Circuit Court

Prepared by:
Attorney's Name: John Pawloski Esq.
Address: 1900 Locust Street, Suite 302
City: St. Louis    State: MO    Zip Code: 63103
Phone: 618-910-7637 cell
Fax: 314-588-7803
ARDC: 6207519

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of Service _ _ _ _ _ . 20____ (to be inserted by officer on copy left with defendant or other person).171-138 Rev 6/13
Service and return ............................................. $ _____    . _____

SHERIFF'S FEES ( Miles__ _____ ............................................... $ __ __ _____ ___ _____

Total ................................................................... $ _ _ _____ _____ _____

_ _____ _____ _____ ___ _____
Sheriff of Sangamon County

I certify that I served this summons on defendants as follows:
(a)-(Individual defendants – personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left
the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day
when the summons was left with the defendant).

_____ _____ _____ _____ _____ _____ ___ _____
__ _____ _____ _____ _____ _____ _____
_____ _____ _____ _____ _____ _____ _____ ___ _____
___ _____ _____ _____ _____ _____ _____

3

(b)-(Individual defendants – abode):

By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13
years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify
as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place
where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such
person).

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed
to each individual defendant at his usual place of abode, as follows:
 Name of defendant Mailing Address Date of mailing

(c)-(Corporate defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as
follows:
 Defendant corporation Registered agent, officer or agent Date of Service

(d)-(Other service):

Sheriff of Washington  County

By· _____ _____ ·  ___

FILED
Washington Co. Circuit Court
24th Judicial Circuit
Date: 3/27/2024 12:25 AM
Andrea Renken

### IN THE CIRCUIT COURT OF WASHINGTON COUNTY

### STATE OF ILLINOIS

ST. JOHN'S UNITED CHURCH OF CHRIST of

Plum Hill (Nashville) Illinois, an authorized

subordinate organization Of the United Church of Christ

of Cleveland, Ohio, a Non-Profit Religious Organization,

by and through its Authorized Representatives, and DEVIN

CLARY, President,

      Plaintiffs,                                      __Jury Trial Demanded.__

v.                                                               Cause No.

STATE AUTO INSURANCE COMPANIES and/or                2024LA4

STATE AUTO FIRE AND CASUALTY, and

 JOHN DOE,

      Defendants.

Serve at: State Auto Insurance Companies
% The Director of the Illinois Department of Insurance
320 W. Washington Street,
Springfield, IL 62767

### COMPLAINT FOR DAMAGES

    COMES NOW Plaintiffs **ST. JOHN'S UNITED CHURCH OF CHRIST and DEVIN CLARY,**

by and through their attorney, JOHN J. PAWLOSKI of The Law Office of John J. Pawloski, LLC, and for

their Complaint for damages state as follows:

### Count I : Breach of Contract

### (ST. JOHN'S UCC v. State Auto Insurance Co.)

1

1. ST. JOHN'S United Church of Christ of Plum Hill( Nashville), Illinois, is a religious organization authorized under Illinois law, and is a non-profit subordinate organization to the United Church of Christ of North America, headquartered in Cleveland, Ohio, hereinafter referred to as "ST. JOHN'S UCC."

2. Devin Clary is President of the Administrative Council of ST. JOHN'S UCC, (and accordingly is the authorized representative of St. John's UCC) and is a resident and citizen of Washington County, State of Illinois, and pursues these claims in his representative capacity of ST. JOHN'S UCC.

3. The Plaintiffs' church property was struck by high winds, damaging many of Plaintiffs' buildings and structures.

4. All events at issue took place in Washington County, Illinois, and venue is proper before this Court.

5. Defendant State Auto Insurance Company and/or State Auto Fire and Casualty (hereinafter "State Auto") is an insurance company domiciled in Columbus, Ohio and upon information and belief, Defendant John Doe is a citizen and resident of the State of Illinois.

6. Defendant Doe is the agent and employee of Defendant State Auto, and upon information and belief, at all times relevant herein, he acted with the knowledge of and in the course and scope of his employment as a claims adjuster assigned to process Plaintiffs' claims with State Auto.

7. At all times relevant, ST. JOHN'S UCC retained Defendant State Auto to act as its insurer with respect to property claims such as those made by Plaintiffs against State Auto in Washington County, Illinois and Defendant State Auto was paid a premium to provide protection against wind damage and loss such as that experienced by Plaintiffs on or about July 1, 2023.

8. Defendant undertook coverage of Plaintiffs' property against insured casualty such as the wind damage loss claim, and Plaintiffs paid Defendant State Auto the premium for this coverage.

2

9.     Defendant, as an insurer, owed Plaintiff that degree of care as a reasonably careful and prudent insurer would exercise under the same or similar circumstances, and was obligated to act as a fiduciary towards its insureds such as Plaintiffs.

10.    Defendant failed to meet its legal and contractual  duty owed Plaintiffs in the following respects:

a)   It  failed to diligently investigate and pay Plaintiffs' claims for wind loss;

b)   It failed to take appropriate measures to protect and preserve the property interests of Plaintiffs;

c)   It applied reimbursement principles that ran contrary to Plaintiffs' policy requirements;

d)   It required Plaintiffs to pay expenses that were covered expenses;

e)   It failed to timely evaluate the extent of Plaintiffs' wind loss;

f)   It breached its agreement with Plaintiffs to pay loss expenses and replacement cost of items that were covered by the policy issued by Defendant to Plaintiffs;

g)   State Auto's attempt to provide partial benefits estops Defendant State Auto's obligation to cover Plaintiff's loss, and further, Defendant failed to file a declaratory judgment to determine its obligations under the policy;

h)   John Doe's objections to payment were specious and contrary to policy obligations;

h)   Defendants failed to consult local contractors and used estimated cost figures that were so far below market rate that no reasonably competent contractor could or would perform the scope of the work required to make the necessary repairs;

i)   Defendants misrepresented to Plaintiffs the events that were covered when selling the policy;

j)   On account of Defendants' delays in assessing and handling this claim, Plaintiffs' church has sustained a substantial loss, and Defendants owe payment for the entirety of the damage to Plaintiffs' multiple structures, but has refused to make the payments it owes Plaintiffs by the terms of the insurance contract;

3

k) Defendants offer of payment was only 20% of its own self-serving estimate of the cost of repairs; and

l) Subjected Plaintiffs to additional expenses for loss of use, costs, and attorney's fees due to the breach of contract.

11. Defendant's breach caused Plaintiffs' to sustain a loss and expenses that could have been avoided had Defendants acted properly, and Plaintiffs have incurred damages in excess of $50,000.00.

## Count II: Statutory Vexatious Refusal

### (ST. JOHN'S UCC v. State Auto Insurance Co.

### In violation of 215 ILCS Section 155)

12. Plaintiff incorporates by reference its allegations of paragraphs 1-11 as if expressly set forth herein.

13. Defendant owed Plaintiffs those duties implied by law for an insurance carrier, including a duty to promptly and objectively investigate a claim, to interpret policy coverage reasonably, to make fair and reasonable offers to settle, and to refrain from abusive conduct designed to make Plaintiffs capitulate and take an unreasonably low settlement offer.

14. Defendant breached these duties and its standard of care of what a reasonably careful and prudent insurer would do under the same or similar circumstances in the manner described above, and the Defendant intentionally declined to pay Plaintiffs what was owed under the policy, unreasonably delayed the claim, and did so under such circumstances that are vexatious and unreasonable.

15. As a direct and proximate result of the vexatious refusal to pay the claim owed by Defendant in one or more of the above-described ways, Plaintiffs sustained harm, including uncovered loss of property damage to multiple structures, and failure to pay proper compensation for lost

4

contents as was required,  and as a direct result of this breach, Plaintiff incurred attorneys fees and costs of suit.

<strong>Count III: Fraud</strong>

<strong>(ST. JOHN'S  v. Doe)</strong>

16. Plaintiffs incorporate by reference the allegations of paragraphs 1-15 as if expressly set forth herein.

17. Defendant Doe, along with others at  Defendant State Auto, fabricated reasons for not paying Plaintiffs' claims, and intended for Plaintiffs to rely on said representations that Defendant knew were false, and Plaintiffs did so rely, and Plaintiffs were damaged as a proximate result.

18. Defendant's actions were intentional, and for the purpose of causing harm to Plaintiff, warranting the application of additional  damages as may be allowed by law, including attorneys fees, statutory penalties, and such other damages as the court may approve.

<strong>Count IV: Common Law Bad Faith Refusal To Pay Claim</strong>

<strong>( ST. JOHN'S UCC v. State Auto )</strong>

19. Plaintiff incorporates the allegations of paragraphs 1-18 as if expressly set forth herein.

20. Defendant, as an insurer of Plaintiffs' church structures and  property contents, represented to Plaintiff that it would insure Plaintiffs' church and property against the risk of loss on account of wind and related casualty, and Plaintiffs' sustained a covered loss due to an excessive wind, and Plaintiffs submitted all necessary documents outlining their loss ("proof of loss"), but Defendant has refused to pay the entirety of the loss, and have declined payments for covered items and have refused to pay for most of the value of the loss.

21. Defendants intentionally, and in bad faith, have refused to pay Plaintiffs' claims of loss for damages which exceed $50,000.00.

5

22. Defendant's conduct was intentional and warrants the application of additional damages as may be

allowed by law, including attorneys fees, statutory penalties, and such other damages as the court may

approve.

### Count V: Bad Faith Refusal To Pay Claim

### ( Devin Clary v. John Doe)

23. Plaintiffs incorporate by reference the allegations of Paragraphs 1-22 as if expressly set forth herein.

24.  Section 215 ILCS 5/154.6 (from Ch. 73, par. 766.6) provides in pertinent part as follows:

Sec. 154.6. Acts constituting improper claims practice. Any of the following acts by a company, if committed without just cause and in violation of Section 154.5, constitutes an improper claims practice:

(a) Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;

(b) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(c) Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;

(d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(e) Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

(f) Engaging in activity which results in a disproportionate number of meritorious complaints against the insurer received by the Insurance Department;

(g) Engaging in activity which results in a disproportionate number of lawsuits to be filed against the insurer or its insureds by claimants;

(h) Refusing to pay claims without conducting a reasonable investigation based on all available information;

(i) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(j) Attempting to settle a claim for less than the amount to which a reasonable person would believe the claimant was entitled, by reference to written or printed advertising material accompanying or made part of an application or establishing unreasonable caps or limits on paint or materials when estimating vehicle repairs;

(k) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

(l) Making a claims payment to a policyholder or beneficiary omitting the coverage under which each payment is being made . . .

25. Defendants, including Defendant Doe, have violated subparagraphs (a)-(e) and (h)-(l) above.

26. Defendant John Doe intentionally undervalued Plaintiff's claim, placing his interests and the interests of Defendant State Auto ahead of their insured, even though Defendants' documentation of the areas of structures damaged and the costs of repairs exponentially exceeded the amount Defendants indicated would be covered and paid under the policy for the claim.

27. Defendant Doe issued a policy to insure against casualty such as wind damage, hail, tornadoes, fire, and other harm, and Defendant knowingly accepted coverage of Plaintiffs' policy with no intention of covering claims submitted by Plaintiff.

28. Defendant State Auto's own adjuster determined that Plaintiff has suffered a covered loss of at least $50,000.00, and upon information and belief said adjuster was removed from adjusting the claim because his assessment of the claim (although still below fair market value) was substantially above what Defendants were willing to pay, and upon information and belief, Defendant Doe sought to hold out any reasonable offer to settle hoping that Plaintiff would capitulate out of economic necessity which practice is unlawful.

29. Notwithstanding payment of premiums and performing all conditions precedent to properly submit a claim, Defendant Doe made a "low-ball" offer of only 20% of its own internal assessment, and only 5% of the reasonable cost of repairs by contractors ready and capable of doing the work.

30. Upon information and belief, Defendant Doe relied upon data that he knew to be inaccurate, below actual costs. and at a rate that could not be met in the actual market where the casualty occurred, to wit, no reasonably careful and prudent contractor could perform the work at the levels offered by Defendant, and Defendant's determination of what was covered was fraudulent and contrary to the lawful claims practices of those carriers insuring properties appurtenant to Plaintiff's structures with the same or similar policy coverages.

31. Defendant's conduct is unlawful and has caused Plaintiff to sustain damage in an amount in excess of $50,000.00, including attorneys fees and costs of suit.

32. Defendant's conduct and failure to promptly pay the full amount due on Plaintiff's claim was without just cause or excuse, and Plaintiff seeks such additional damages as may be allowed by the Court.

**Count VI: Fraud**

**( Devin Clary v. John Doe)**

33. Plaintiffs incorporate by reference the allegations of paragraphs 1-32 as if expressly set forth herein.

34. Defendants offered and Plaintiffs accepted Defendants' promise to cover Plaintiffs' structures if they became damaged.

35, Plaintiff Clary relied upon that promise and it was reasonable to do so.

36. The actual amount for the costs of repairs exponentially exceeded the amount Defendants indicated would be covered and paid under the policy for the claim.

37. Defendant Doe held himself out to be an agent of State Auto Insurance Companies, and represented to Plaintiff that State Auto would issue a policy to insure against casualty such as wind damage, hail, tornadoes, fire, and other harm, and Defendant knowingly accepted coverage of Plaintiffs' policy with no intention of covering claims submitted by Plaintiff.

38. Defendant State Auto's own adjuster determined that Plaintiff has suffered a covered loss of at least $50,000.00, and upon information and belief said adjuster was removed from adjusting the claim because his assessment of the claim (although still below fair market value) was substantially above what Defendants were willing to pay, and upon information and belief, Defendant Doe sought to hold out any reasonable offer to settle hoping that Plaintiff would capitulate out of economic necessity, which practice is unlawful.

39. Defendant Doe intentionally misrepresented the value of Plaintiff's claim, and the extent of coverage so that Plaintiff would rely upon said misrepresentation, and that Plaintiff relied upon Defendant's representation of the nature and extent of coverages.

40. Notwithstanding payment of premiums and performing all conditions precedent to properly submit a claim, Defendant Doe made a "low-ball" offer of only 20% of its own internal assessment, and only 5% of the reasonable cost of repairs by contractors ready and capable of doing the work.

41. Upon information and belief, Defendant Doe misrepresented data that he knew to be inaccurate, below actual costs, and at a rate that could not be met in the actual market where the casualty occurred, to wit, no reasonably careful and prudent contractor could perform the work at the levels offered by Defendant, and Defendant's determination of what was covered was fraudulent and contrary to the lawful claims practices of those carriers insuring properties appurtenant to Plaintiff's structures with the same or similar policy coverages.

42. Defendant's fraud is unlawful and has caused Plaintiff to sustain damage in an amount in excess of $50,000.00, including attorneys fees and costs of suit.

43. Defendant's conduct and failure to promptly pay the full amount due on Plaintiff's claim was without just cause or excuse, and Plaintiff seeks such additional damages as may be allowed by the Court.

WHEREFORE, Plaintiffs request judgment in their favor, for their costs and attorney's fees incurred herein, for leave of court to pursue a claim for additional damages as may be allowed by law, including attorneys fees, statutory penalties, and such other damages as the court may approve including punitive damages, and for such other and further relief as may be reasonable and necessary under the circumstances.

/s/ John J. Pawloski

9

John J. Pawloski #6207519
Attorney for Plaintiffs
The Law Office of John J. Pawloski, LLC
1900 Locust Street, Suite 302
St. Louis, Missouri 63103
(618) 910-7637 (cell)
(314) 588-7802
(314) 588-7803 fax
Jpawloski@msn.com

FILED
Washington Co. Circuit Court
24th Judicial Circuit
Date: 2/24/2025 1:03 PM
Andrea Renken

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY

## STATE OF ILLINOIS

ST. JOHN'S UNITED CHURCH OF CHRIST of

Plum Hill (Nashville) Illinois, an authorized

subordinate organization Of the United Church of Christ

of Cleveland, Ohio, a Non-Profit Religious Organization,

by and through its Authorized Representatives, and DEVIN

CLARY, President,

      Plaintiffs,

v.

STATE AUTO INSURANCE COMPANIES and/or

STATE AUTO FIRE AND CASUALTY, and

 JOHN DOE,

      Defendants.

<u>Jury Trial Demanded.</u>

Cause No.   2024LA4

Serve at: State Auto Insurance Companies
% The Director of the Illinois Department of Insurance
320 W. Washington Street,
Springfield, IL 62767

<u>Motion for Summary Judgment</u>

COMES NOW Plaintiffs **ST. JOHN'S UNITED CHURCH OF CHRIST and DEVIN CLARY**,

by and through their attorney, JOHN J. PAWLOSKI of The Law Office of John J. Pawloski, LLC, and for

their Complaint for damages state as follows:

<u>**Count I : Breach of Contract**</u>

1. ST. JOHN'S United Church of Christ of Plum Hill( Nashville), Illinois, is a religious organization authorized under Illinois law, and is a non-profit subordinate organization to the United Church of Christ of North America, headquartered in Cleveland, Ohio, hereinafter referred to as "ST. JOHN'S UCC."

2. Devin Clary is President of the Administrative Council of ST. JOHN'S UCC, (and accordingly is the authorized representative of St. John's UCC) and is a resident and citizen of Washington County, State of Illinois, and pursues these claims in his representative capacity of ST. JOHN'S UCC.

3. The Plaintiffs' church property was struck by high winds, damaging many of Plaintiffs' buildings and structures.

4. All events at issue took place in Washington County, Illinois, and venue is proper before this Court.

5. Defendant State Auto Insurance Company and/or State Auto Fire and Casualty (hereinafter "State Auto") is an insurance company domiciled in Columbus, Ohio and upon information and belief, Defendant John Doe is a citizen and resident of the State of Illinois.

6. Defendant Doe is the agent and employee of Defendant State Auto, and upon information and belief, at all times relevant herein, he acted with the knowledge of and in the course and scope of his employment as a claims adjuster assigned to process Plaintiffs' claims with State Auto.

7. At all times relevant, ST. JOHN'S UCC retained Defendant State Auto to act as its insurer with respect to property claims such as those made by Plaintiffs against State Auto in Washington County, Illinois and Defendant State Auto was paid a premium to provide protection against wind damage and loss such as that experienced by Plaintiffs on or about July 1, 2023.

8. Defendant undertook coverage of Plaintiffs' property against insured casualty such as the wind damage loss claim, and Plaintiffs paid Defendant State Auto the premium for this coverage.

2

9.    Defendant, as an insurer, owed Plaintiff that degree of care as a reasonably careful and prudent insurer would exercise under the same or similar circumstances, and was obligated to act as a fiduciary towards its insureds such as Plaintiffs.

10.    The following facts are not disputed:

a)    State Auto failed to diligently investigate and pay Plaintiffs' claims for wind loss;

b)    State Auto failed to take appropriate measures to protect and preserve the property interests of Plaintiffs;

c)    State Auto applied reimbursement principles that ran contrary to Plaintiffs' policy requirements;

d)    State Auto required Plaintiffs to pay expenses that were covered expenses;

e)    State Auto failed to timely evaluate the extent of Plaintiffs' wind loss;

f)    State Auto breached its agreement with Plaintiffs to pay loss expenses and replacement cost of items that were covered by the policy issued by Defendant to Plaintiffs;

g)    State Auto's attempt to provide partial benefits estops Defendant State Auto's obligation to cover Plaintiff's loss, and further, Defendant failed to file a declaratory judgment to determine its obligations under the policy;

h)    State Auto's objections to payment were specious and contrary to policy obligations;

h)    State Auto failed to consult local contractors and used estimated cost figures that were so far below market rate that no reasonably competent contractor could or would perform the scope of the work required to make the necessary repairs;

i)    State Auto misrepresented to Plaintiffs the events that were covered when selling the policy;

j)    On account of State Auto's delays in assessing and handling this claim, Plaintiffs' church has sustained a substantial loss, and Defendants owe payment for the entirety of the damage to Plaintiffs' multiple structures, but has refused to make the payments it owes Plaintiffs by the terms of the insurance contract;

k) State Auto failed to even offer Plaintiffs anything more than a fraction of their own estimate of the costs of covered, needed repairs; and

l) State Auto subjected Plaintiffs to additional expenses for loss of use, costs, and attorney's fees due to the breach of contract.

11. State Auto's breach caused Plaintiffs' to sustain a loss and expenses that could have been avoided had Defendants acted properly, and Plaintiffs have incurred damages in excess of $50,000.00.

## Count II: Statutory Vexatious Refusal

12. Plaintiff incorporates by reference its allegations of paragraphs 1-11 as if expressly set forth herein.

13. State Auto owed Plaintiffs those duties implied by law under 215 ILCS Section 155, et al. for an insurance carrier, including a duty to promptly and objectively investigate a claim, to interpret policy coverage reasonably, to make fair and reasonable offers to settle, and to refrain from abusive conduct designed to make Plaintiffs capitulate and take an unreasonably low settlement offer.

14. State Auto breached these duties and its standard of care of what a reasonably careful and prudent insurer would do under the same or similar circumstances in the manner described above, and the State Auto intentionally declined to pay Plaintiffs what was owed under the policy, unreasonably delayed the claim, and did so under such circumstances that are vexatious and unreasonable as a matter of law.

15. As a direct and proximate result of the vexatious refusal to pay the claim owed by State Auto in the above-described ways which are not subject to dispute, and Plaintiffs sustained harm, including uncovered loss of property damage to multiple structures, and failure to pay proper

compensation for lost contents as was required, and as a direct result of this breach, Plaintiff incurred attorneys fees and costs of suit.

## Count III: Fraud

16. Plaintiffs incorporate by reference the allegations of paragraphs 1-15 as if expressly set forth herein.

17. State Auto fabricated reasons for not paying Plaintiffs' claims, and intended for Plaintiffs to rely on said representations as to the nature and extent of matters covered by the policy that State Auto knew were false, and Plaintiffs did so rely, and Plaintiffs were damaged as a proximate result.

18. State Auto's actions were intentional, and for the purpose of causing harm to Plaintiff, warranting the application of additional damages as may be allowed by law, including attorneys fees, statutory penalties, and such other damages as the court may approve.

## Count IV: Common Law Bad Faith Refusal To Pay Claim

19. Plaintiff incorporates the allegations of paragraphs 1-18 as if expressly set forth herein.

20. State Auto, as an insurer of Plaintiffs' church structures and property contents, represented to Plaintiff that it would insure Plaintiffs' church and property against the risk of loss on account of wind and related casualty, and Plaintiffs' sustained a covered loss due to an excessive wind, and Plaintiffs submitted all necessary documents outlining their loss ("proof of loss"), but State Auto has refused to pay the entirety of the loss, and have declined payments for covered items and have refused to pay for most of the value of the loss.

21. State Auto intentionally, and in bad faith, have refused to pay Plaintiffs' claims of loss for damages which exceed $50,000.00.

5

22. State Auto's conduct was intentional and warrants the application of additional damages as may be allowed by law, including attorneys fees, statutory penalties, and such other damages as the court may approve.

## Count V: Bad Faith Refusal To Pay Claim

23. Plaintiffs incorporate by reference the allegations of Paragraphs 1-22 as if expressly set forth herein.

24.  Section 215 ILCS 5/154.6 (from Ch. 73, par. 766.6) provides in pertinent part as follows:

Sec. 154.6. Acts constituting improper claims practice. Any of the following acts by a company, if committed without just cause and in violation of Section 154.5, constitutes an improper claims practice:

(a) Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;

(b) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(c) Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;

(d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(e) Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

(f) Engaging in activity which results in a disproportionate number of meritorious complaints against the insurer received by the Insurance Department;

(g) Engaging in activity which results in a disproportionate number of lawsuits to be filed against the insurer or its insureds by claimants;

(h) Refusing to pay claims without conducting a reasonable investigation based on all available information;

(i) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(j) Attempting to settle a claim for less than the amount to which a reasonable person would believe the claimant was entitled, by reference to written or printed advertising material accompanying or made part of an application or establishing unreasonable caps or limits on paint or materials when estimating vehicle repairs;

(k) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

(l) Making a claims payment to a policyholder or beneficiary omitting the coverage under which each payment is being made . .

6

25. There is no dispute as to any material facts that State Auto has violated subparagraphs (a)-(e) and (h)-(l) above.

26. State Auto intentionally undervalued Plaintiff's claim, placing its interests ahead of their insured, even though Defendants' documentation of the areas of structures damaged and the costs of repairs exponentially exceeded the amount Defendants indicated would be covered and paid under the policy for the claim.

27. Defendant Doe issued a policy to insure against casualty such as wind damage, hail, tornadoes, fire, and other harm, and Defendant knowingly accepted coverage of Plaintiffs' policy with no intention of covering claims submitted by Plaintiff.

28. Defendant State Auto's own adjuster determined that Plaintiff has suffered a covered loss of at least $50,000.00, and upon information and belief said adjuster was removed from adjusting the claim because his assessment of the claim (although still below fair market value) was substantially above what Defendants were willing to pay, and upon information and belief, sought to hold out any reasonable offer to settle hoping that Plaintiff would capitulate out of economic necessity which practice is unlawful.

29. Notwithstanding payment of premiums and performing all conditions precedent to properly submit a claim, State Auto made a "low-ball" offer of only 20% of its own internal assessment, and only 5% of the reasonable cost of repairs by contractors ready and capable of doing the work.

30. Upon information and belief, State Auto relied upon data that it knew to be inaccurate, below actual costs, and at a rate that could not be met in the actual market where the casualty occurred, to wit, no reasonably careful and prudent contractor could perform the work at the levels offered by Defendant, and Defendant's determination of what was covered was fraudulent and contrary to the lawful claims practices of those carriers insuring properties appurtenant to Plaintiff's structures with the same or similar policy coverages.

31. State Auto's conduct is unlawful and has caused Plaintiff to sustain damage in an amount in excess of $50,000.00, including attorneys fees and costs of suit.

32. State Auto's conduct and failure to promptly pay the full amount due on Plaintiff's claim was without just cause or excuse, and Plaintiff seeks such additional damages as may be allowed by the Court.

**Count VI: Fraud**

33. Plaintiffs incorporate by reference the allegations of paragraphs 1-32 as if expressly set forth herein.

34. State Auto offered and Plaintiffs accepted Defendants' promise to cover Plaintiffs' structures if they became damaged.

35, Plaintiff Clary relied upon that promise and it was reasonable to do so.

36. The actual amount for the costs of repairs exponentially exceeded the amount Defendants indicated would be covered and paid under the policy for the claim.

37. State Auto's agent held himself out to be an agent of State Auto Insurance Companies, and represented to Plaintiff that State Auto would issue a policy to insure against casualty such as wind damage, hail, tornadoes, fire, and other harm, and Defendant knowingly accepted coverage of Plaintiffs' policy with no intention of covering claims submitted by Plaintiff.

38. Defendant State Auto's own adjuster determined that Plaintiff has suffered a covered loss of at least $50,000.00, and upon information and belief said adjuster was removed from adjusting the claim because his assessment of the claim (although still below fair market value) was substantially above what Defendants were willing to pay, and upon information and belief, Defendant Doe sought to hold out any reasonable offer to settle hoping that Plaintiff would capitulate out of economic necessity, which practice is unlawful.

39. State Auto intentionally misrepresented the value of Plaintiff's claim, and the extent of coverage so that Plaintiff would rely upon said misrepresentation, and that Plaintiff relied upon Defendant's representation of the nature and extent of coverages.

8

40. Notwithstanding payment of premiums and performing all conditions precedent to properly submit a claim, State Auto made a "low-ball" offer of only 20% of its own internal assessment, and only 5% of the reasonable cost of repairs by contractors ready and capable of doing the work.

41. Upon information and belief, State Auto misrepresented data that he knew to be inaccurate, below actual costs, and at a rate that could not be met in the actual market where the casualty occurred, to wit, no reasonably careful and prudent contractor could perform the work at the levels offered by State Auto, and State Auto's determination of what was covered was fraudulent and contrary to the lawful claims practices of those carriers insuring properties appurtenant to Plaintiff's structures with the same or similar policy coverages.

42. State Auto's fraud is unlawful and has caused Plaintiff to sustain damage in an amount in excess of $50,000.00, including attorneys fees and costs of suit.

43. State Auto's conduct and failure to promptly pay the full amount due on Plaintiff's claim was without just cause or excuse, and Plaintiff seeks such additional damages as may be allowed by the Court.

WHEREFORE, Plaintiffs request judgment in their favor, for their costs and attorney's fees incurred herein, for leave of court to pursue a claim for additional damages as may be allowed by law, including attorneys fees, statutory penalties, and such other damages as the court may approve including punitive damages, and for such other and further relief as may be reasonable and necessary under the circumstances.

/s/ *John J. Pawloski*

John J. Pawloski #6207519
Attorney for Plaintiffs
The Law Office of John J. Pawloski, LLC
1900 Locust Street, Suite 302
St. Louis, Missouri 63103

(618) 910-7637 (cell)
(314) 588-7802
(314) 588-7803 fax
Jpawloski@msn.com