IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ST. JOHN'S UNITED CHURCH OF CHRIST and DEVIN CLARY, | |
| Plaintiffs, | |
| v. | Case No. 3:25-CV-1022-NJR |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On March 27, 2024, St. John's United Church of Christ ("St. John's UCC") and Devin Clary (collectively, "Plaintiffs") filed a lawsuit in the Circuit Court of Washington County, Illinois, alleging claims against their insurer, State Auto, for breach of contract, statutory vexatious refusal to pay, and common law bad faith related to State Auto's refusal to pay for damages that St. John's UCC sustained from high winds on July 1, 2023. (Doc. 1-1). Plaintiffs also asserted a claim for fraud against a John Doe defendant. (*Id.*)

Prior to filing suit, Plaintiffs' counsel informed State Auto's adjuster that he would be filing a lawsuit and requested that the adjuster accept service of process. (Doc. 1 at p. 3). The adjuster responded on March 26, 2024, and informed counsel in writing that he was not authorized to accept service of process. (*Id.*). The adjuster informed Plaintiffs' counsel that he would need to serve State Auto through its registered agent, Corporation Service Company. (*Id.*).

Over the next year, several events delayed service of the Complaint. The same day that Plaintiffs' counsel filed the Complaint, he underwent triple bypass surgery. (Doc. 9 at p. 2). He then spent the next three months recovering and rehabilitating. (*Id.*). Counsel filed a motion for summons to issue on July 29, 2024, but it was never properly served due to the Illinois Secretary of State's requirements for serving the Director of the Illinois Department of Insurance. (*Id.* at pp. 2-3). Counsel also dealt with a recusal issue in state court, since the presiding circuit judge was a member of St. John's UCC. (*Id.* at pp. 4-5). Once the state court judge finally recused, Plaintiffs' counsel sought an alias summons in late February 2025. (*Id.* at p. 5). The summons was issued but never forwarded to Plaintiffs' counsel by the Circuit Clerk. (*Id.*).

Plaintiffs finally obtained an alias summons on April 1, 2025, and served the Complaint on the Illinois Department of Insurance on April 15, 2025. (Doc. 1-1). The Department of Insurance provided a copy of the alias summons and Complaint to State Auto by mail, which it received on April 22, 2025. (*Id.*). State Auto then removed the case to this district court on the basis of diversity jurisdiction on May 21, 2025. (Doc. 1).

On June 11, 2025, Plaintiffs filed a Motion to Remand, arguing that State Auto's Notice of Removal was untimely filed. (Doc. 9). State Auto filed a response in opposition. (Doc. 12).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Removal under 28 U.S.C. § 1441 "should be construed narrowly and against removal." *People of State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

A plaintiff may challenge removal by filing a motion to remand the case to state court. Remand to state court is appropriate for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal process. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013). "A motion to remand must be granted if the case removed from state court could not have been brought in federal court originally for lack of subject-matter jurisdiction." *Sarauer v. Int'l Ass'n of Machinists*, Dist. No. 10, 966 F.3d 661, 668 (7th Cir. 2020) (citing 28 U.S.C. §§ 1441(a), 1447(c)).

### DISCUSSION

The parties do not dispute that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiffs St. John's UCC and Devin Clary are citizens of Illinois, Defendant State Auto is a citizen of both Iowa and Massachusetts, and the amount in controversy is at least $350,099.25, well in excess of the statutory threshold of $75,000, exclusive of interest and costs. (Doc. 1). Although Plaintiffs also named a John Doe defendant, the citizenship of such defendant can be disregarded for purposes of determining diversity jurisdiction. *See Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018).

Instead, Plaintiffs assert the case should be remanded due to a defect in the

removal process. Specifically, they argue that State Auto's Notice of Removal was untimely. Without citing any statute or case law, Plaintiffs assert that the Notice of Removal was not filed within 30 days of service or within one year of the Complaint being filed. The Court suspects that Plaintiffs filed the motion due to State Auto's preemptive arguments in its Notice of Removal that the removal was timely under 28 U.S.C. § 1446(b)(1) and that the one-year deadline provided by § 1446(c)(1) did not apply because Plaintiffs acted in bad faith to prevent State Auto from removing the action. (*See* Doc. 1).

The procedure for removal of civil actions is outlined in 28 U.S.C. § 1446. The statute provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). *See also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823–24 (7th Cir. 2013) ("It's clear that the 30–day removal clock is triggered only by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present."). Under Illinois law, when a plaintiff effects service on an insurer defendant by serving the Illinois Department of Insurance, "[s]ervice of such process shall not be complete until the copy thereof has been so mailed and received by the company." 215 ILCS 5/112(2). Thus, service upon State Auto was not complete until it received a copy of the summons and Complaint on April 22, 2025. (Doc. 1-1). State Auto then had 30 days—until May 22, 2025—to remove the case to federal court, making its removal on May 21, 2025, timely.

The parties also discuss, at length, the one-year rule provided in § 1446(c)(1) and whether Plaintiffs acted in bad faith to prevent State Auto from removing the case within one year of its filing. As discussed below, however, the Court need not decide whether Plaintiffs acted in bad faith.

Section 1446(c)(1) states:

> A case may not be removed <u>under subsection (b)(3)</u> on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement[1] of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

§ 1446(c)(1) (emphasis added). Subsection (b)(3) permits a defendant to remove a case *that was not initially removable* within 30 days after receiving an *amended* pleading, motion, order, or other paper that indicates the case has become removable. § 1446(b)(3).

Courts reading these provisions together have found that the one-year limitation only applies to cases removed under § 1446(b)(3) — *i.e.*, where the case stated by the initial pleading was not removable. *See Stigleman v. Wal-Mart Stores, Inc.*, No. 16-1060, 2016 WL 1611577, at *4 (C.D. Ill. Apr. 22, 2016) (collecting cases); *Ward v. Progressive Preferred Ins. Co.*, No. CV 23-3666, 2024 WL 219237, at *4 (E.D. Pa. Jan. 19, 2024) (one-year time limit does not apply where the initial complaint is removable on its face); *Chandler v. WFM-WO, Inc.*, No. 13-2450, 2014 WL 1653504, at *2 (W.D. Tenn. Apr. 24, 2014) ("The one-year limitation stated in 28 U.S.C. 1446(c)(1) applies only to cases removed under subsection (b)(3), which allows removal of cases that were 'not removable' under their 'initial

---

[1] Under Illinois law, an action is "commenced" when the complaint is filed. 735 ILCS 5/2-201.

pleading.'").

While the Seventh Circuit Court of Appeals has not addressed the issue head-on, it has commented, based on an earlier version of the statute, that every circuit to have considered the question "has held that of the one-year bar applies only to cases that are not initially removable." *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 n.6 (7th Cir. 2007); *see also Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) (holding that the one year-limitation period "only applies to cases that were not removable to federal court when originally filed").

In this case, the action was removable on the basis of diversity when it was filed in Washington County, Illinois. Thus, under a plain reading of the statute, the one-year time limit in § 1446(c)(1) does not apply to this case. The only time limit that applied to State Auto was the 30-day deadline in § 1446(b)(1), which State Auto met.

Because State Auto timely removed this case to federal court on the basis of diversity jurisdiction, Plaintiffs' Motion to Remand (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   October 21, 2025

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**